## In re BIJUR.

### Patent Appeal No. 2312.

Court of Customs and Patent Appeals.
May 26, 1930.

Cameron, Kerkam & Sutton, of Washington, D. C. (W. B. Kerkam and F. Bascom Smith, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals affirming the decision of the Primary Examiner rejecting the claims in issue—Nos. 50 and 51—in appellant's application for a patent for an alleged invention relating to a starting apparatus for internal combustion engines.

Claim 50 is illustrative. It reads:

"50. Engine starting apparatus comprising, in combination, an electric motor, a shaft driven by the motor, a clutch having a member driven by the shaft and slidable endwise thereon and an overrunning member having a tubular part provided with splines on the interior thereof, a gear adapted to move endwise along the shaft into mesh with a gear connected with the engine to be started and having a hub externally splined to cooperate with the splines of the overrunning clutch member, means including a spring for transmitting endwise motion from the clutch to the motor gear, a motor switch, and means for moving the clutch and gear and for closing the switch."

It appears from the record that the claims in issue were claims 1 and 2 of a patent—No. 1,634,738—issued to W. A. Chryst on July 5, 1927, on an application filed August 27, 1925. They were copied by appellant for the purpose of having an interference declared between his application and the patent to Chryst. The claims were rejected by the Primary Examiner on the ground that they were unwarranted by appellant's disclosure.

The quoted claim sufficiently describes the structure which, it is claimed by appellant, is disclosed in his application.

The sole question for determination is whether appellant has disclosed a structure with "an overrunning member having a tubular part provided with splines on the interior thereof, a gear adapted to move endwise along the shaft into mesh with a gear connected with the engine to be started and having a hub externally splined to cooperate with the splines of the overrunning clutch member. * * *"

In this connection, the Primary Examiner said:

"It has been held that the elements 4, 22, 19, 26 constitute an overrunning clutch the part 20 being the overrunning member thereof.

"The examiner holds that this member 20 does not *have* a tubular part *provided with splines on the interior thereof* and that applicant's gear does not *have a hub externally splined* to cooperate with the splines of the overrunning clutch member.

"To make the claims readable the element 7 which applicant describes as a barrel must be construed as a tubular part or hub of the member 20. The teeth 12 on the flange 11 at the end thereof must be construed as splines on the interior of the tubular part or hub and

an arbitrary part of the gear teeth must be construed as splines on the exterior of the gear hub. It is not believed that such would be a reasonable interpretation of the language of the claims. In the ordinarily accepted sense applicant discloses no splines at all. Applicant no doubt has a broadly equivalent and dominating construction but it is believed that Chryst is entitled to the rather specific construction involved in the claims in question."

On appeal, the Board of Appeals quoted from the decision of the Primary Examiner, and said:

"We agree with the examiner that in appellant's construction the member 20 and barrel 7, movable with respect to 20, and provided with a flange having teeth 12, do not properly constitute an 'overrunning member having a tubular part provided with splines on the interior thereof,' as called for in claim 50. Also that it is a strained construction to hold appellant's gear 5 with the teeth of which the teeth 12 of the barrel 7 engage, as responding to the clause 'a gear—having a hub externally splined to cooperate with the splines of the overrunning clutch member,' of the claim.

"For similar reasons, Claim 51 is not fairly readable on appellant's disclosure."

It is admitted by counsel for appellant that the overrunning member in appellant's disclosure is "drivably connected to the tubular part by means of tongue and groove connections." It is argued, however, that it would be consistent with the language of the claims to hold that the "overrunning member" in appellant's disclosure had a "tubular part."

Appellant discloses a gear, the teeth of which engage the teeth of the tubular member. The claims, however, call for a "gear * * * *having a hub* externally splined to cooperate with the splines of the overrunning clutch member." (Italics ours.) We are unable to hold that appellant discloses a gear having a hub, as called for in the involved claims.

It may be that appellant has disclosed a starting apparatus corresponding in a general way to that covered by the Chryst patent. The two structures may function in substantially the same manner. However, this court ought not to so construe the involved claims as to disregard expressly defined limitations contained therein. Nor does the general rule, holding that, in cases of this character, the language of the claims shall be given the broadest construction, or interpretation, as the case may be, as it will reasonably permit, warrant a disregard of expressly defined limitations. Slattery v. Larner (Cust. & Pat. App.) 36 F.(2d) 298.

We are in accord with the conclusion reached by the tribunals below, and the decision of the Board of Appeals is affirmed.

Affirmed.