## SWEETLAND v. COLE.

Patent Appeal No. 2825.

Court of Customs and Patent Appeals.

Dec. 7, 1931.

Nelson Littell, of New York City (Hammond & Littell and Kenyon & Kenyon, all of New York City, of counsel), for appellant.

Brown, Jackson, Boettcher & Dienner, of Chicago, Ill. (Henry H. Babcock, of Chicago, Ill., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an interference proceeding in which the Board of Appeals of the United States Patent Office affirmed the decision of the Examiner of Interferences, awarding priority to the senior party, Cole. A single count is involved. It reads: "In a lubricating system for an automotive engine containing a body of oil exposed to contamination by deleterious solids, means to circulate the oil to the parts to be lubricated and to a filter casing, and a fine texture filter in said casing having an area and capacity so correlated to the size of the system and the contaminating conditions under which the system is used as to remove said deleterious solids at a rate substantially equal to the rate of contamination of said oil by said deleterious solids."

The count was copied by Cole from a patent issued to Sweetland while Cole's application was pending; Sweetland moved to dissolve upon the ground that Cole had no right to make the claim; no proofs were taken; and so the primary question before this court is, as it was before the tribunals of the Patent Office, Has Cole the right to make the claim?

It is the insistence of Sweetland that, since the count was one of the claims of his patent, it must be given the limited interpretation or meaning which it had in the patent, and that the rule of broad interpretation— that is, that it shall be given the broadest interpretation which its terminology reasonably will permit—applicable in an interference proceeding between two applications (as dis-

tinguished from a contest between a patent and an application), is not here applicable.

As a part of his argument, Sweetland avers that to give the count the interpretation necessary to make it read upon Cole would render it unpatentable over prior art as represented in patents which were issued at different dates to different parties, particular emphasis being placed upon a British patent to Winton, No. 13,187, of 1907; that, at the time the patent issued to him (Sweetland), the claim, which is now the count, must have received the limited construction now sought by him, otherwise it would have been rejected upon the prior art; that the file history of the patent in fact shows the claim to have been given the limited construction; that it must be construed, under the decisions of the Supreme Court of the United States, "with reference to the rejected claims and the prior state of the art, and cannot be construed to cover either what was rejected by the Patent Office or disclosed by the prior devices"; and that he deliberately made limitations in order to distinguish from the prior art, which limitations must be now regarded.

In a general way, the invention of the count may be described as relating to a lubricating system, primarily for use in automotive engines and the like, having means whereby the oil is carried to the parts to be lubricated and also carried to a casing having filtering means to remove deleterious solids that find their way into the oil.

The precise limitations of the count will appear from an analysis thereof, and the particular limitations upon which appellant, Sweetland, relies to distinguish from Cole's disclosure are stated in his brief to be: "[a] A fine texture filter having [b] an area and capacity so correlated to the size of the system and the contaminating conditions * * * [c] as to remove said deleterious solids at a rate substantially equal to the rate of contamination. * * * "

Feature (c) is functional in its nature, that is, it states a result which is to flow from a fine texture filter having an area and capacity correlated as set out in (b). So, in the final analysis, the only "means" involved here is the filter, as described and defined.

The insistence of appellant is that the filter system disclosed in the Cole specification does not disclose the elements of the count when they are given the meaning they had in the Sweetland patent.

Cole's filter, it is insisted, is not a "fine texture" filter, and has not the "area and capacity" to perform the function required by the count, without making it so large as to be impractical for use under the hood of an automobile or for use in any practical arrangement; that is, that Cole's filter is not capable, as disclosed in his specification, of having an area "correlated to the size of the system and the contaminating conditions under which the system is used."

The brief and argument in appellant's behalf devote much space to a comparison of the specifications and drawings and to a description of the operations, in the effort to sustain the allegation as to lack of those features in Cole, and these arguments we have carefully considered.

The Board of Appeals, analyzing Cole's specification, points out that it calls for features as follows:

(a) A filter through which the oil passes slowly.

(b) The filter of ample capacity to free the oil of deleterious matter.

(c) The filter preserves the lubricating oil practically free from all grit.

(d) The filtering means are ample to preserve the oil in the best condition.

(e) The oil is filtered slowly whereby it is delivered to the bearings in the best possible condition and in ample or even excessive quantity.

(f) The filter is separate from the engine and of ample capacity to meet the conditions and wash the interior of the engines and bearings.

(g) The filter partitions carry "suitable" filtering material.

From the disclosure of these features, the Board concluded:

"In view of these statements in Cole's original specification we believe there is ample disclosure of a filter in a casing having an area and capacity so correlated to the size of the system and the contaminating conditions under which the system is used as to remove the deleterious solids at a rate substantially equal to the rate of contamination. Furthermore in view of the statements that the oil flows relatively slowly through the filter it is believed the expression 'fine texture filter' in the claim does not differentiate in any respect from the Cole disclosure."

We agree with the Board of Appeals. If words be given their usual and ordinary meaning as applied to the particular art being considered, we are unable to see wherein the count fails to be readable upon Cole.

It is the rule that in interference cases between a patent and an application, where the counts are ambiguous, they are to be construed in conformity with the patent in which they originated. This question was discussed by this court in Field v. Stow, 49 F.(2d) 840, 18 C. C. P. A. (Patents) 1437, 1440. It is also the rule that expressly defined limitations may not be disregarded (In re Bijur, 40 F.(2d) 999, 17 C. C. P. A. (Patents) 1134; Thompson v. Pettis, 44 F.(2d) 420, 18 C. C. P. A. (Patents) 755), but, in applying these rules to the issues of a given case, the meaning of the limitations must be determined by the normal meaning of the words in which such limitations are expressed, as those words are used in connection with the art involved. If, in the respective disclosures, the means are present to meet the count under the normal meaning of its limitations as so determined, then we know of no authority for the court entering upon a technical research into the respective methods of operation and saying that one device will operate and the other will not, or that one will operate differently from the other.

Appellant's structure apparently shows a greater area of filter texture, in that he has a larger plurality of filter members, but both show a plurality of such elements, though differently arranged. There is nothing in the counts specific to number or size or arrangement of the elements to create the area, the only requirement being "an area and capacity" sufficient to obtain a described result, which result is not, in the particular art to which it here relates, patentable.

The file wrapper to which allusion is made in arguing that the count, while it was one of the claims of Sweetland's application, must have been construed as it is insisted it be here construed, in order to avoid the prior art, is not physically a part of the record before us, but the opinion of the Board states:

"* * * The Winton patent undoubtedly discloses a fine texture filter. * * * The claim therefore was not allowed over Winton because it recited a fine texture filter but evidently was allowed because limited to a filter of that character having sufficient capacity to remove the deleterious solids at a rate substantially equal to the rate of contamination. Winton's fine texture filter does not have this capacity. * * *"

Appellant in a supplemental brief, filed by permission of the court, has brought to our attention the case of Motor Improvements, Inc., and Ernest J. Sweetland v. General Motors Corporation and A. C. Spark Plug Company (C. C. A) 49 F.(2d) 543, decided after the filing of the original briefs in this case.

It was there held by the Circuit Court of Appeals for the Sixth Circuit that Sweetland's patent from which the count involved was taken, along with other Sweetland patents relating to the subject-matter, was valid, and that it was infringed by the defendants in that case, but claim 3 (the count in issue) was not involved in said suit.

Subsequent to the decision, the defendants sought leave of the Circuit Court of Appeals to move the District Court to reopen the case in order to present evidence based upon the interference proceedings here involved. The petition was denied, and appellant avers that the decision denying it supports his contention here made.

We observe from the decision that, first, the claim which is now the count was not involved in the litigation; second, Cole was not a party to that suit; and, third, the Circuit Court of Appeals, while saying, "* * * Cole's purely paper device is at the best but cumulative evidence to the alleged anticipations considered in the opinion heretofore announced," expressly refused to make any holding as to the Cole specification, saying: "* * * whether the claim in issue in the interference can be deemed sufficiently definite in the light of the drawings and specifications are matters which we need not determine. * * *"

We are not able, therefore, to find anything in the decision cited which is here controlling.

It seems to us that appellant is here contending for a construction of what he designates as the limitations of the count, which would narrow those limitations to a degree which the normal meaning of the language in which they are expressed would not justify. As expressed in the count, the limitations are not narrower than the requirements of the Cole application.

The decision of the Board of Appeals is affirmed.

Affirmed.